ROBERT D. McCANN, Plaintiff in Error, *v.* JOHN P. WHITE *et al.*, Defendants in Error.

1. *Equity — Trespass —* Ex parte *estate — Vendor's lien — Petition —* Certain separate estate was owned by a married woman, subject to the vendor's lien. Part of it was subjected to payment of her debts by a judgment, definitely describing the same. A bill being brought by the purchaser thereof at execution sale, to subject her remaining estate to the payment of the vendor's lien, on the ground that the original suit by mistake failed to embrace these lands, *held*, that the bill contained no equity, and was properly dismissed; for the proceedings under which he purchased gave him no title to said lands, and no attempt was made by suit for that purpose to reform those proceedings.

*Error to Monroe Circuit Court.*

*W. J. Howell*, with *Alexander*, for plaintiff in error.

*Brace, Moss & Robinson*, for defendants in error.

CURRIER, Judge, delivered the opinion of the court.

It appears from the plaintiff's petition that one John D. McCann, in 1860, in a suit in his favor against the defendants, John P. White and wife, obtained a special judgment subjecting

the separate property of the latter, to-wit: certain lands which were set out and definitely described in the judgment — the description following that given in the petition in that suit — to the payment of the judgment debt; that a special execution was issued upon and in strict accordance with the judgment; and that Mrs. White's interest in the described lands was seized and sold thereon in due course, the present plaintiff becoming the purchaser at the sheriff's sale, at a price sufficient to pay the judgment debt and costs. It also appears that the lands thus sold, in connection with other lands of Mrs. White, were subject to the lien of Mrs. White's vendor, to secure a balance of the purchase-money due him from Mrs. White. It is alleged that these other lands were left out of the original suit through mistake. They were not, as it appears, included either in the petition, judgment or execution; nor is there any claim that they were either sold or offered for sale.

This is a condensed statement of the material facts shown by the petition, on the basis of which the plaintiff seeks to subject the lands of Mrs. White which were not included in the original suit or subsequent sale to the payment of the lien of her vendor, so as to relieve the plaintiff's land from that encumbrance. Relief is asked in different forms, but the above states the substantial result sought to be reached, and, in connection with the facts recited, sufficiently presents the point on which the case turns.

This is not a proceeding for contribution. The object of the suit, as has been stated, is to relieve the plaintiff's land from the named encumbrance by enforcing a payment of it by Mrs. White, or from such separate property as still remains to her.

Upon a submission of the case upon the petition and answer, the petition was dismissed, and properly, as we think.

The petition contains no equity. The plaintiff does not strengthen his position by questioning the accuracy of the proceedings under which he holds such title as he has. By his purchase he acquired no interest in any of Mrs. White's lands which were not described in the judgment and specially subjected to the payment of the judgment debt. He is not helped by the

existence of the supposed mistake. He does not seek to set aside any of the proceedings, and he is not in a position to claim anything beyond what was secured to him under them.

With the concurrence of the other judges, the judgment will be affirmed.